**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ABIGAIL L. PADILLA,
　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE TREASURY,
　　　　　Agency.

DOCKET NUMBER
DE-3443-17-0346-I-1

DATE: September 16, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Abigail L. Padilla, Denver, Colorado, pro se.

Emily Urban, Esquire, San Francisco, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed this nonselection appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to DISMISS the appeal without prejudice to the filing of a new individual right of action (IRA) appeal, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant has appealed her nonselection for the position of Statistician, GS-1530-09. Initial Appeal File (IAF), Tab 1. She received notice by email that she had been determined to be eligible for the position based on her responses to an online questionnaire during the application process but that she was "not found to be among the Best Qualified for the position" and was not referred to the selecting official. *Id*. at 6-7. Because it appeared the Board might lack jurisdiction over the appeal, the administrative judge issued a jurisdictional notice within the acknowledgment order, outlining possible bases for the Board's jurisdiction and ordering the appellant to present relevant evidence and argument as to the possible bases for jurisdiction. IAF, Tab 2 at 2-6. The appellant and the agency filed timely responses. IAF, Tabs 3, 7. The initial decision followed. IAF, Tab 9, Initial Decision (ID).

¶3      The administrative judge found that the appellant failed to nonfrivolously allege any basis for the Board's jurisdiction and issued an initial decision that

dismissed the appeal. ID at 2-5. The administrative judge found the agency's action to be a simple nonselection that did not fall within the Board's jurisdiction over suitability actions. ID at 2-4. He also found that, despite having been given notice and an opportunity to respond, the appellant failed to nonfrivolously allege any other basis for Board jurisdiction, such as whistleblower retaliation, and to the extent she made any jurisdictional allegations at all, they were insufficient to meet the nonfrivolous standard. ID at 4-5. The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed an opposition to the petition. PFR File, Tab 3.

## ANALYSIS

¶4 The administrative judge correctly concluded that the appellant failed to nonfrivolously allege the Board's jurisdiction over this appeal. The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of establishing that her appeal is within the Board's jurisdiction. 5 C.F.R. §§ 1201.56(b)(2)(i)(A), .57(b). Generally, an appellant is entitled to a hearing on the jurisdictional question if she makes a nonfrivolous allegation that the Board has jurisdiction. *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 13 (2010). "Nonfrivolous allegations" of the Board's jurisdiction are allegations of fact that, if proven, could establish that the Board has jurisdiction over the matter at issue. *Id.*; *see* 5 C.F.R. § 1201.4(s).

¶5 Generally, an unsuccessful candidate for a Federal civil service position has no right to appeal her nonselection. *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 93 (1992). "Suitability actions" may be appealed to the Board.[2] *Kazan v. Department of Justice*, 112 M.S.P.R. 390, ¶ 6 (2009); 5 C.F.R.

---

[2] A "suitability action" is defined as a cancellation of eligibility, a removal, a cancellation of reinstatement eligibility, and a debarment. 5 C.F.R. § 731.203(a).

§ 731.501(a). Nonselection for a specific position, however, is not a "suitability action," even when it is based on the criteria for making a suitability determination set forth in 5 C.F.R. § 731.202. *Rodriguez v. Department of Homeland Security*, 112 M.S.P.R. 446, ¶ 9 (2009); *Kazan*, 112 M.S.P.R. 390, ¶ 6; 5 C.F.R. § 731.203(b).

¶6    The record shows that the agency email dated June 12, 2017, that is the basis for this appeal merely informed the appellant that her application had been received under Vacancy Announcement No. 16CE2-CAX0064-1530-7T11 and that she had been determined to be eligible for a Statistician position at the GS-09 level based on her responses to an online questionnaire. IAF, Tab 1 at 7. The email further stated that, "according to Merit Promotion procedures[, she was] not found to be among the Best Qualified for the position . . . and [was] not . . . referred to the Selecting Official."[3]    *Id.*    The appellant has not made a nonfrivolous allegation, however, that the agency took any action related to her overall eligibility for Federal employment, such as debarment or cancellation of eligibility on any existing competitive register, which would bring this appeal within the scope of suitability actions. *See* 5 C.F.R. § 731.203(a). Instead, the action was a simple nonselection and does not fall within the Board's jurisdiction. *See Kazan*, 112 M.S.P.R. 390, ¶ 6; 5 C.F.R. § 731.203(b).

¶7    On review, the appellant argues that the administrative judge failed to consider her allegations that her nonselection was in retaliation for whistleblowing. PFR File, Tab 1 at 5-6. She argues that the administrative judge should have considered documents she submitted for her other appeals that are pending before the Board. *Id.* The appellant, at one point, had four IRA appeals before the Board, among them *Padilla v. Department of the Treasury*, MSPB Docket No. DE-0752-15-0483-B-1, and *Padilla v. Department of the Treasury*,

---

[3] The agency found the appellant lacked the requisite year of specialized experience at the GS-09 grade level and thus did not qualify for the GS-11 Statistician position. IAF, Tab 7 at 19-20.

MSPB Docket No. DE-1221-16-0081-W-1.[4]  Her jurisdictional submission directly referenced these appeals and some of the allegations she made therein. IAF, Tab 3 at 4-7.

¶8    Under the Whistleblower Protection Enhancement Act of 2012, the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before the Office of Special Counsel (OSC), and makes nonfrivolous allegations that:  (1) she made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Salerno v. Department of Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).    The Board has recently clarified the substantive requirements of exhaustion.    *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11.  The requirements are met when an appellant has provided OSC with sufficient basis to pursue an investigation.  The Board's jurisdiction is limited to those issues that have been previously raised with OSC.  However, an appellant may give a more detailed account of his whistleblowing activities before the Board than he did to OSC.  An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations, and his written responses to OSC referencing the amended allegations.  An appellant may also establish exhaustion through other sufficiently reliable evidence, such as an affidavit or a declaration attesting that he raised with OSC the substance of the facts in the Board appeal.  *Id.*

¶9    Even if we were to consider her submissions in her other appeals, the appellant has not shown that she exhausted her administrative remedies before

---

[4] The Board has issued separate decisions on the petitions for review in those matters.

OSC regarding the nonselection at issue.  Her pleadings do not include a copy or description of any complaint she made to OSC after she received the June 12, 2017 email informing her that she had not been selected for the Statistician position, and, as of her initial pleading, she had not filed such a complaint.  IAF, Tab 1 at 4.  She has not alleged that she has filed a complaint since that time.  Because she has not shown she exhausted her remedies with OSC, the Board cannot exercise jurisdiction over this matter as an IRA appeal.[5]  In the event that the appellant *has* filed or intends to file an OSC complaint regarding her nonselection, she may file a new IRA appeal based on the nonselection.[6]

¶10      Finally, the appellant argues that the administrative judge "seemed to hold [her] to a higher standard" and that, as a pro se appellant who was also injured in the line of duty, she was unable to plead her case with the same precision as an attorney.  PFR File, Tab 1 at 7.  She has not offered any examples from the record in support of this allegation, and we were unable to find any.  We have considered her pro se status by broadly interpreting her pleadings in reaching our decision.  *See Goodnight v. Office of Personnel Management*, 49 M.S.P.R. 184, 187 (1991) (explaining that, although a pro se appellant may not escape the consequences of inadequate representation, she will not be required to plead issues with the precision of an attorney in a judicial proceeding).

---

[5] Because the Board does not have jurisdiction over this matter as an IRA appeal, we deny the appellant's motion for consequential damages.  IAF, Tab 8.

[6] A new appeal will allow the administrative judge to give the appellant full jurisdictional notice regarding IRA appeals, as he did not do so in the acknowledgment order.  IAF, Tab 2 at 6.  However, such an appeal must be timely filed.  Under 5 U.S.C. § 1214(a)(3), an appellant may file an IRA appeal with the Board once OSC closes its investigation into her complaint and no more than 60 days have elapsed since notification of the closure was provided to her or 120 days has elapsed since she sought corrective action from OSC and she has not been notified by OSC that it shall seek corrective action on her behalf.  *Wells v. Department of Homeland Security*, 102 M.S.P.R. 36, ¶ 6 (2006).

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.